# JANUARY TERM 1884.

HENRY SMITH AND JOHN SMITH v. RICHARD PEARCE.

*Justice's jurisdiction—Mechanic's lien.*

Where a mechanic, suing for his wages, makes the owner of a building on which he works a joint defendant with the contractor who hired him, and sues them in an appropriate form of action before a justice of the peace, the justice has jurisdiction to try the issue; and though ·he cannot enforce a mechanic's lien, an error in rendering judgment therefor, or in holding the owner personally liable, will not destroy his jurisdiction or make his judgment void and open to attack in a collateral action; and unless reversed on appeal or certiorari, it must stand.

Error to Houghton. (Williams, J.) Jan. 8.—Jan. 15.

EJECTMENT. Defendant brings error. Affirmed.

*T. L.· Chadbourne* and *T. F. Powers* for appellant. In a proceeding to enforce a mechanic's lien it must appear that the statutory prerequisites have been met: *Clark v. Raymond* 27 Mich. 456; *Clark v. Adams* 33 Mich. 159; presumptions cannot be indulged to make out jurisdiction in an inferior court: *Saunders v. Tioga Mf'g Co.* 27 Mich. 520; it must appear: *Wight v. Warner* 1 Doug. (Mich.) 384; *Clark v. Holmes* id. 390; *Elliott v. Dudley* 8 Mich. 62; *Goodrich v. Burdick* 26 Mich. 39; a plea to the merits does not waive jurisdictional irregularity: *Woodruff v. Ives* 34 Mich. 320; a recital of service of notice does not necessarily mean statutory notice: *McCaslin v. Camp* 26 Mich. 390; and a mere return of personal service where there are two defendants does not show service on both: *Campau v. Fairbanks* 1 Mich. 151; and if such service does not appear there can be no joint judgment: *Sherman v. Palmer* 37 Mich. 509.

*Chandler & Grant* for appellees. A justice's judgment cannot be collaterally attacked for irregularities: *Reed v. Gage* 33 Mich. 181; *Maltby v. Greene* 1 Keyes 548; *Donnelly v. Libby* 1 Sweeney (N. Y.) 259.

COOLEY, C. J. Ejectment. The plaintiffs claim the land under a purchase made by them under an execution sale. The judgment upon which the execution issued was in their favor, and against the defendant in this suit and one John Meyer. The defendant contests the purchase, and claims that the judgment was void for want of jurisdiction in the court to render it.

The judgment was rendered by a justice of the peace. The summons by which the suit was commenced was an ordinary summons in assumpsit, and the declaration was on the common counts. The amount sued for was within the jurisdiction of the justice, and the judgment rendered was the proper judgment in such an action. There would therefore seem to be no question whatever that the justice had full jurisdiction to consider and dispose of the case.

It appears, however, from the docket of the justice that the demand which the plaintiffs proved in the case was not a claim against this defendant and Meyer jointly, nor in fact against this defendant at all, but was a claim against Meyer individually. But Meyer was contractor for the erection of a building for defendant, and it appears to have been claimed that the plaintiff's demand constituted a lien upon the building, and the justice deemed it proper to render a judgment for the amount against the defendant and Meyer jointly. In that way the lien upon the defendant's building would be enforced against the defendant personally. In this the justice erred. Mechanics' liens are not enforced in justices' courts, and defendant was not personally liable for the amount.

But this error did not deprive the justice of his jurisdiction. He had unquestionable authority to consider and pass upon the issue, to decide upon the admissibility of the evidence offered under it, and to render judgment upon such

evidence as he received. If he erred in any of his conclusions upon the offer of evidence, or upon its competency to establish a demand against the defendants, the error would render the judgment liable to reversal on appeal or certiorari, but could not render it void. The judgment should be assailed in the regular way, and not attacked collaterally. The principle is familiar and was correctly applied by the circuit judge.

The judgment should be affirmed with costs.

The other Justices concurred.