HELMA LOWE *v.* OLE ABRAHAMSON, AND THOMAS CASEY.

Opinion filed December 31, 1908.

### Liens — Farm Laborer — Female Cook Not Farm Laborer.

A woman employed in a family living upon a farm, who does ordinary housework and assists in cooking meals for laborers doing the farm work, is not a "farm laborer" within the meaning of section 6277, Rev. Codes 1905, giving a lien for the wages of farm laborers.

Appeal from County Court, Ransom county.

Action by Helma Lowe against Ole Abrahamson and Thomas Casey. Judgment for plaintiff, and defendants appeal.

Reversed.

*T. A. Curtis,* for appellants.

*Rourke* N *Kvello,* for respondent.

MORGAN, C. J. This is an action for the foreclosure of a farm laborer's lien, and is jointly brought against the owner of the land and his tenant. The complaint alleges that the plaintiff rendered services to the defendant Ole Abrahamson, who rented the premises, in the capacity of a farm laborer, at the agreed price of $5 per week; that such services were performed upon land which is specifically described in the complaint, and the crop which was raised upon said land is also specifically described therein. The relief demanded is that plaintiff's right to a laborer's lien be established, and that such lien be foreclosed, and that she be paid the amount due her for such services, to wit, the sum of $61.70, together with her costs and disbursements. In the claim for a lien filed by plaintiff it is stated that she "performed services in the capacity of a kitchen laborer." The answer denies that the plaintiff performed any services in the capacity of a farm laborer, and denies that any valid laborer's lien was filed. After a trial the court made findings of fact and conclusions of law in favor of the plaintiff, and ordered a sale of the grain raised upon the land to satisfy the plaintiff's lien for services as a farm laborer, together with costs and disbursements. The defendant Thomas Casey, the owner of the land, has appealed from said judgment, and demands a trial de novo under the provisions of section 7229, Rev. Codes 1905.

The sole question presented on the appeal is whether the plaintiff is entitled to a lien as a farm laborer upon the crops raised upon the land upon which her employer lived and resided, and for whom she was working as a servant from July 28th to November 8, 1906. The evidence as to the contract under which she was employed, and as to the services which she performed is as follows: "Q. What were her labors on the farm? A. She done kitchen work, cooking and washed dishes. Q. You had quite a number of men there? A. Yes, sir. Q. How big a force? A. I had 4 or 5 men most of the time, and Mr. Casey had a couple men there at the same time. Q. And she cooked for all these parties? A. Yes, sir. Q. And prepared all the meals also? A. Yes, sir. Q. That is what you kept her for? A. Yes, sir." On cross examination the witness stated: "Q. Mrs. Abrahamson done some of the work around the house? A. Yes, sir. Q. In fact did just as much as Helma (the plaintiff)? A. Not much of the cooking, but she helped quite a lot. Q. Mrs. Lee was there? A. Yes, sir. Q. Helma Lowe is a girl. A. Yes, sir. Q. And all the work she did was in the kitchen and around the house? A. Yes, sir." That is all of the testimony in regard to the character of the work performed by the plaintiff, as testified by her employer, the defendant Abrahamson. The statute under which the lien is claimed is chapter 63, p. 87, § 1, Laws 1895, (Rev. Codes 1895, § 4826), being section 6277, Rev. Codes 1905, and so far as applicable is as follows: "Any person who performs services for another in the capacity of a farm laborer between the first day of April and the first day of December of any year, shall have a lien on all crops of every kind, grown, raised, or harvested by the person for whom the services were performed during said time, as security for the payment of any wages due or owing to such person for services so performed, and said lien shall have priority over all other liens, chattel mortgages or other incumbrances, excepting however, seed liens and thresher's liens." Without a statute giving such lien or a special contract farm laborers would not be entitled to a lien upon the crops, and must rely upon the personal responsibility of the landlord or cropper for their pay. The statute was passed to secure farm laborers against irresponsible landlords, and against the liens of implement dealers, which often covered the whole crop. We must look to the terms of the statute to ascertain who are entitled to avail themselves of its provisions. It should be liberally construed to give effect to the

intent of the Legislature in enacting it. Its provisions should not be restricted or added to, as it is the sole function of the Legislature to say to whom this special lien shall be given.

The general principle of construction that statutes in derogation of the common law are to be strictly construed can have no application in this state, as section 6224, Rev. Codes 1905, expressly provides that the provisions of the Code shall "be liberally construed with a view to effect its objects and to promote justice." Section 6691, Rev. Codes 1905, provides that, except when defined or explained in the statute, the "words used in any statute are to be understood in their ordinary sense, except when the contrary intention appears," etc. Whether the plaintiff is entitled to a lien under said section 6277 depends upon the meaning or construction to be given to the words "farm laborer" as used therein. As ordinarily understood, a farm laborer is one who labors upon a farm in raising crops, or doing general farm work. As commonly accepted, we think the words do not include those engaged in domestic work. They refer to work performed directly in connection with the crops raised on the farm. Under the evidence, it appears that the plaintiff did no work except in the house. She did the cooking for four or five men who were working on the farm for Abrahamson, and for two other men who were working for Casey. It does not appear that the persons working for Casey did any work for Abrahamson, or in connection with the crop on the farm. We think that the legislative intention was to secure only those persons whose work is directly connected with the raising of the crops. If the plaintiff be given a lien upon the crop in this case, it will result in her receiving pay out of the crop for some services that were not even remotely connected with the crop, or contributed in any way to the bringing of the same into existence. We do not think that the work done by plaintiff can be classed as farm labor within the meaning of the lien law. Although the statute is to be liberally construed to secure a lien in favor of persons who have labored upon the farm, we are satisfied that it was not intended to include those within its provisions whose work was only indirectly connected with the crop. We find this construction sustained under somewhat similar statutes in McCormick v. Los Angeles City Water Company, 40 Cal. 185; Sullivan's Appeals, 77 Pa. 107; Allen's Appeals, 81 Pa. 302; Boisot on Mechanic's Liens, § 111. Respondent relies on Winslow v. Urquhart, 39 Wis. 260, and Breault

v. Archambault, 64 Minn. 420, 67 N. W. 348, 58 Am. St. Rep. 545, as sustaining her rights to a lien under the facts of this case. These cases sustain the right of a cook in a logging camp to a lien upon the logs that were cut or banked by the crews for whom the cooks prepared the meals. In these cases the cooks went into the logging camps, as members of logging crews, and did no other work, except to cook for them. In this case the plaintiff did other work besides cooking, and cooked for others than the farm laborers. Under the evidence as to the work performed by the plaintiff, we are satisfied that she was not a farm laborer within the provisions of said lien statute.

The judgment is reversed and the action dismissed. All concur.