## MEAD v. FIRST NATIONAL BANK OF LANSFORD.

(138 N. W. 365.)

**Courts — jurisdiction of county courts.**

> Section 111 of the state Constitution construed, and *held*, that county courts of increased jurisdiction are not vested with equity powers, but that their jurisdiction is restricted to actions formerly cognizable at law wherein the amount in controversy does not exceed $1,000.

Opinion filed October 17, 1912.

Appeal by defendant from an order of the County Court for Renville County, *Percy S. Crewe,* J., overruling a demurrer to the complaint in an action to quiet title to certain property.

Reversed.

*Morton & Mohr* and *Palda, Aaker & Greene,* for appellant.

*J. E. Bryans* (*R. H. Grace* of counsel), for respondent.

FISK, J.  This is an appeal from an order of the county court of Renville county overruling a demurrer to the complaint on the ground that such court had no jurisdiction of the subject of the action.

The action, as disclosed in the complaint, is one to determine adverse claims and to quiet title to certain real property therein described, and also for the recovery of damages for its use and for waste.  The cause of action is therefore clearly one for equitable cognizance, and the sole question for our determination is whether, under the Constitution and statutes of this state, county courts of increased jurisdiction possess equity powers concurrent with the district courts in such cases, where the amount involved does not exceed $1,000.

Section 111 of the state Constitution confers exclusive original jurisdiction on county courts in probate and testamentary matters, as well as the appointment and control of guardians; and it also provides that when the voters of any county having a population of two thousand or over shall decide by a majority vote that they desire the jurisdiction of said court increased, "then said county court shall have concurrent jurisdiction with the district courts in all civil ·actions where the amount in controversy does not exceed $1,000."

In 1909 the legislature passed an act to govern the practice in county courts of increased jurisdiction (chap. 80, Laws of 1909), § 1 of which defines the jurisdiction of such courts in the exact language of the constitutional provision above quoted. Such statute is quite comprehensive and purports to lay down a complete code of rules to govern the practice in such courts, but suffice it to say that the legislature has not attempted by this statute, nor by any other enactment, to broaden the jurisdiction conferred by § 111 of the Constitution upon such courts; nor could it do so legally in the face of such constitutional provision, which expressly defines the extent of the jurisdiction to be exercised by county courts of increased jurisdiction. We are confronted, therefore, solely with a question of constitutional construction. Did the framers of the Constitution intend by the words, "said county court shall have concurrent jurisdiction with the district courts in all civil actions where the amount in controversy does not exceed $1,000," to confer upon such courts jurisdiction over equity causes? That this question must be answered in the negative is, we think, very clear. While it is true, as contended by respondent's counsel, that the words, "in all civil actions," would, when taken alone, be broad enough to include all actions whether at law or in equity, still, when we consider the qualifying words immediately following, "where the amount in controversy does not exceed $1,000," we are forced to conclude that the intent was merely to confer jurisdiction in those actions wherein it is possible to measure in dollars and cents the amount in controversy. This being true, the cause of action in the case at bar cannot be embraced within such constitutional provision. As before stated, the action is to determine adverse claims and to quiet title to real property, and it cannot be said that the amount in controversy is any definite sum of money. In order to be embraced within

the constitutional language above quoted, it must be a case where there is an "amount in controversy" which may be measured in money, for the subsequent language of the section contains the words, "does not exceed $1,000." In defining the jurisdiction of district courts in § 103 of the Constitution, it is quite significant that the words, "in all civil actions," were not used, but instead we find the expression, "it shall have original jurisdiction . . . of all causes both at law and equity," and is it not fair to assume that if it was the intention of the framers of the Constitution in defining the jurisdiction of county courts of increased jurisdiction, to confer equity powers on such courts, that they would have employed similar language to that employed in § 103, merely adding the qualification as to the amount in controversy?

Most of respondent's argument is based upon the words in § 111 of the Constitution, that "said county court shall have concurrent jurisdiction with the district courts *in all civil* actions . . ." But the fallacy of such argument is made apparent upon reading the next section of the Constitution, relating to justices of the peace, where this identical language is used in defining their jurisdiction. Surely it will not be contended that such language confers on justices of the peace jurisdiction in equity cases. If respondent's contention is sound in the case at bar, then, upon like reasoning, justice's courts possess jurisdiction in all equity cases where the amount involved does not exceed $200, except in those cases wherein the boundaries of or title to real property comes in question.

At and prior to the date of the adoption of our Constitution, original jurisdiction in equity cases was vested solely in the district courts, being the courts of general jurisdiction, and it is entirely clear that a change in this respect was not contemplated by the framers of the Constitution, for, as above stated, by § 103 these courts are given original jurisdiction "of all causes, both at law and equity." The same distinction that formerly existed between actions at law and suits in equity is here recognized in so far as the vesting of jurisdiction is concerned. The fact that under our reformed procedure all forms of actions are abolished, and legal as well as equitable remedies are administered in but one form of action, known as a civil action, does not operate to change in any way the fundamental and long recog-

nized distinction existing between the principles which govern in the exercise of jurisdiction in law and equity cases. And we are convinced that, in conferring upon county courts and justices of the peace concurrent jurisdiction with the district courts in certain cases, the framers of our Constitution had in mind merely those cases formerly designated as actions at law, as distinguished from suits in equity, and wherein is directly involved a sum in money or personal property not exceeding a stated amount. This has evidently been the construction given the Constitution by our legislature and by the bar generally ever since statehood, and while not controlling, this is a fact entitled to much weight by this court. In the Code of Civil Procedure (§§ 7512 to 7518, Rev. Codes 1905), provision is made for the foreclosure of liens on personal property by actions in the *district courts*. No like provision is found for such foreclosures by actions in county or justice's courts. Again, by chapter 80, Laws of 1909, being the practice act for county courts, we find that in § 3 the parties are given the benefit of only those provisional remedies which are applicable to law actions as distinguished from equity causes, the provisional remedies of injunctions and receivers being omitted therefrom.

Our attention has been called to the case of Lowe v. Abrahamson, 18 N. D. 182, 19 L.R.A.(N.S.) 1039, 119 N. W. 241, 20 Ann. Cas. 355, which was an appeal from a judgment of a county court foreclosing an alleged farm laborer's lien, and it is said that we there in effect recognized the jurisdiction of the county court in such cases. This may be true, but no such question was there raised or called to our attention, and the sole question in fact considered was whether a woman employed on a farm as a domestic was a farm laborer and entitled to a lien for wages under § 6277, Rev. Codes 1905. We do not deem this case binding on us as a controlling precedent in the case at bar.

Entertaining the foregoing views, we are compelled to reverse the order appealed from, and it is so ordered.