ALBERT HEDDAN v. WALDEN FARMERS ELEVATOR COMPANY, a Corporation.

(153 N. W. 1015.)

**Farm laborer — one employed by owner of crop — one who performs labor for such owner — connected with the securing of the crop — lien for wages.**

A person who, while in the employment of the owner of a crop and under his direction, performs labor directly connected with the harvesting and threshing thereof, is a farm laborer within the meaning of § 6857, Compiled Laws 1913, giving a lien to a farm laborer for his wages.

Opinion filed July 10, 1915.

From a judgment of the District Court, Cass County, *Pollock, J.,* defendant appeals.

Affirmed.

*Pollock & Pollock* for appellant.

*W. J. Courtney* for respondent.

CHRISTIANSON, J. This case was argued and submitted together with the case of Wonser v. Elevator Co. ante, 382, 153 N. W. 1012. This is an action for damages for conversion of the same flax involved in the other case. The plaintiff, Heddan, also claims under a farm laborer's lien. It was conceded on the argument that the evidence in the two cases is substantially the same, and that upon all the questions decided in the case of Wonser v. Elevator Co., a determination of one case would be decisive of the other. The pleadings are similar, and the record respecting the objection to the introduction of testimony and

Note.—For other cases as to who is a farm or agricultural laborer within statutes giving lien, see notes in 19 L.R.A.(N.S.) 1039, and 32 Am. Rep. 264.

the motion for a directed verdict is the same in both cases. The same argument is advanced, that plaintiff cannot maintain an action for damages for conversion, but must first maintain an action in equity to enforce the lien. Substantially the same reasons are assigned for alleged invalidity of the lien in this case as were assigned in the case of Wonser v. Elevator Co. Hence, upon these questions the decision in the case of Wonser v. Elevator Co. is controlling and decisive in this case. The question of waiver raised and decided in the Wonser Case does not exist in the case at bar, as it is not contended that the plaintiff, Heddan, hauled or delivered any of the flax to the elevator company. The lien in this case was filed, and demand made upon the defendant for the flax or its proceeds at the same time that demand was made in the Wonser Case. The testimony in this case shows that the plaintiff, Heddan, performed labor in harvesting and threshing the flax in question, and that he claimed a lien only for services performed in the harvesting and threshing of the very flax upon which the lien is claimed. Rickel, the employer, owned or operated a small threshing machine with which he threshed his own grain. And the plaintiff in this case during the threshing of the flax, in addition to pitching bundles and performing other labor of that character, also assisted to some extent in operating the threshing machine, which necessitated that he commence work earlier in the morning and continue at work later in the evening than some of the other laborers engaged in this work. For this extra work it was agreed that he was to be paid a small sum per day extra, or $3.50 per day in all for his services. The undisputed testimony showed this to be only a reasonable wage for the labor performed. Defendant asserts that this constituted the plaintiff an expert machinist, and that for this reason he was not a farm laborer within the meaning of the statutes relative thereto as construed by this court in Lowe v. Abrahamson, 18 N. D. 182, 19 L.R.A.(N.S.) 1039, 119 N. W. 241, 20 Ann. Cas. 355.

The undisputed testimony, as already stated, shows that all the work for which a lien is claimed was performed in harvesting and threshing the flax on which the lien is claimed. In performing this work the plaintiff did the work he was directed to do by his employer. While threshing, as already stated, in addition to pitching and doing work of that character, he also assisted in oiling the machinery, putting on

belts, and generally aided in the care and operation of the threshing machine. All the work performed by plaintiff, however, was directly connected with the harvesting and threshing of the flax. The flax could neither be harvested nor threshed except by the use of machinery, and certainly the mere fact that part of plaintiff's work consisted in aiding in the operation of machinery owned and operated by the employer did not deprive plaintiff of the character of a farm laborer. The flax indeed had little or no value until it was threshed. Plaintiff's services were directly connected with the final work in the production of the flax and its preparation for the market. The work plaintiff performed was directly in connection with the harvesting and threshing of the flax, and the legislative intent in the enactment of the statute creating farm laborers' liens was to secure to farm laborers who performed services directly in connection with the production of a crop a lien for their services on the crop produced by their labor. The lien was doubtless intended for the benefit of any person who as a farm laborer performed any work directly connected with the production of a crop in any of its stages,—such as the planting, cultivating, harvesting, or threshing thereof. Lowe v. Abrahamson, supra; Breault v. Archambault, 64 Minn. 420, 58 Am. St. Rep. 545, 67 N. W. 348; Saloy v. Dragon, 37 La. Ann. 71. And it seems quite clear to us that the labor performed by the plaintiff in this case was in every particular directly connected with the production of the crop in question, and that therefore plaintiff is entitled to claim a farm laborer's lien thereon for the amount due him for his labor.

The testimony offered amply sustains plaintiff's right to recover the amount for which judgment was ordered. The trial court's determination of the questions involved in this action was correct, and the judgment appealed from is affirmed.