# W. E. PALMER, Respondent, v. GEORGE W. DONOVAN, Constable, Appellant.

### (175 N. W. 866.)

**Justices of the peace — justice had jurisdiction to award judgment on notes if not to foreclose chattel mortgage.**

    An action was brought in justice's court upon two notes secured by chattel mortgages. The plaintiff asked judgment for the amount due upon the notes, and, also, for foreclosure of the chattel mortgages. The defendant appeared and, without objection, tendered an issue as to his liability upon the notes. Such issue was tried, and the justice of the peace rendered judgment against the defendant for $106.44, the amount due on the notes. The justice further adjudged that the plaintiff was entitled to the possession of the property described in the chattel mortgages; that the amount found due the plaintiff was a lien upon such property, and that the property be sold to satisfy such lien. The defendant, claiming that the justice of the peace had no jurisdiction to adjudge foreclosure of a chattel mortgage, brought suit in conversion against the officer who made the levy and sale. In such suit it is *held* that that portion of the jeweler's judgment which awarded judgment for the amount due on the notes was valid, even though the portions relating to the enforcement of the chattel mortgages were invalid, and that the officer was not guilty of conversion in making levy and sale under the execution.

Opinion filed October 7, 1919. Rehearing denied November 25, 1919.

From a judgment of the County Court of Ransom County, *Thomas, J.*, defendant appeals.

Reversed.

*Bangert & Nollman,* for appellant.

A justice court has jurisdiction to foreclose a chattel mortgage to exercise such equitable jurisdiction as is granted by law. Const. §§ 103, 111, 112, art. 4.

North Dakota Comp. Laws 1913, § 9006, gives a justice court jurisdiction to foreclose liens on personal property. Herkimer v. Keeler (Iowa) 81 N. W. 178.

The foreclosure of a mortgage is a special proceeding and a justice of the peace has such jurisdiction of special proceedings as is granted by law. Comp. Laws 1913, §§ 7329–7333; Hallaran v. Herbert, 57 N. Y. 411.

The term "civil actions" includes "special proceedings." College of Physicians & Surgeons v. Gilbert (Iowa) 69 N. W. 453; Herkimer v. Keeler (Iowa) 81 N. W. 178.

A chattel mortgage is in the nature of a "legal lien" and does not depend upon equitable principles or equitable jurisdiction for enforcement. Varney v. Jackson, 66 Mo. App. 348; Weathers v. Borders, 124 N. C. 610, 32 S. E. 881; 24 Cyc. 478.

*J. V. Backlund,* for respondent.

Courts of justice of the peace being courts of special and limited jurisdiction, they can exercise no jurisdiction except where it is distinctly and expressly conferred. Murray v. Burris, 6 Dak. 170, 42 N. W. 25; Pyle v. Hand County, 1 S. D. 385, 47 N. W. 401.

Courts of justice of the peace are of limited jurisdiction and no presumption will be indulged in favor of their jurisdiction. Phelps v. McCallam, 10 N. D. 536, 88 N. W. 292.

CHRISTIANSON, Ch. J. This is an action in conversion. In his complaint the plaintiff alleges that the defendant on October 16, 1917, was a duly elected, qualified, and acting constable within the county of Ransom in this state; and that on that day he wrongfully took away from the plaintiff certain personal property and converted the same. The defendant in his answer admits that he was such constable and further alleges that the plaintiff, Palmer, on January 6, 1916, and May 2, 1916, respectively, executed and delivered to the McLeod State Bank two certain chattel mortgages upon the property described in the complaint, to secure the payment of two notes aggregating $160; that on September 25, 1917, said mortgages were in full force and effect, and the obligations secured thereby past due and said mortgages in default; that on that date the said McLeod State Bank commenced an action against the plaintiff herein to foreclose said mortgages in the justice court of one R. R. Wolfe, one of the justices of the peace of Ransom county, North Dakota; that summmons was duly issued in said action in due form as prescribed by law, and duly served upon plaintiff herein as defendant in said action; that said action came duly and regularly on for trial before said justice of the peace on September 29, 1917; that both parties appeared when the action

was called for trial, the plaintiff filing a written complaint, and the defendant making an oral answer to the effect that the balance due on the notes had been tendered; that after having heard all the evidence of the parties and duly considered said matter, the said justice of the peace entered judgment in said action:

(1) That the said McLeod State Bank, as plaintiff therein, have and recover judgment against the said W. E. Palmer, as defendant therein for the sum of $74.89 on its first cause of action, and for the sum of $31.65 on its second cause of action, and for costs and disbursements of said action.

(2) That it is further ordered and adjudged that the said plaintiff, McLeod State Bank, have and recover the possession of the personal property described in said two chattel mortgages.

(3) That it is further adjudged that the amount adjudged to be due to the plaintiff is a lien on the said personal property, and that the property be sold to satisfy said lien in like manner as where personal property is sold under execution, and that execution issue accordingly.

It is further alleged in the answer that a special execution was thereafter duly and regularly issued upon said judgment by said justice of the peace, and delivered to the defendant, Donovan, as constable, for service and execution; that under and by virtue of said execution said defendant duly levied upon and took into his possession said personal property; that at the time of said levy he served upon the said Palmer a notice of levy, duly entitled in said action, which notice described the property seized and contained the following statement addressed to said Palmer: "Any claim or demand for exemption you may have against said levy must be made within three days after the service of this levy upon you." The answer further alleges that the defendant gave notice of the time and place of the sale of said property, and sold the same in the manner provided by law at the time and place so advertised. (The answer sets forth in detail what was done, and it appears therefrom that the notice of sale was given, and the sale conducted in strict conformity with the provisions of law relating to the sale of property upon execution in justice's court.) The plaintiff demurred to the answer on the ground that the facts stated did not constitute a defense. The demurrer was sustained. The action was

thereafter tried, and a verdict returned in plaintiff's favor. Judgment was thereupon entered in plaintiff's favor in the sum of $145.22. This appeal is from the judgment, but the sole question presented thereon is the correctness of the ruling on the demurrer. It is conceded that if that ruling was correct, the judgment should be affirmed; and that if such ruling was erroneous, the judgment must be reversed.

The contention of the plaintiff is that under § 112 of the Constitution a justice of the peace has no jurisdiction of an action to foreclose a chattel mortgage, and that consequently the judgment involved in this case and the proceedings had upon the execution issued thereon were wholly void. In support of this contention plaintiff cites and relies upon the decision of this court in Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365. The defendant on the other hand contends that a justice of the peace has jurisdiction of an action to foreclose a chattel mortgage or other lien upon personal property when the amount of the lien does not exceed $200. He calls attention to the fact that such jurisdiction is expressly conferred by § 9006 (subd. 3) Comp. Laws 1913. He further calls attention to the fact that under the laws of the territory of Dakota a justice of the peace had jurisdiction in all cases to enforce liens upon personal property when the amount of the lien was within the jurisdiction of the justice of the peace. See § 675, Rev. Code Territory of Dakota, 1883; Melville's Dakota Justice Court Practice, §§ 150–152. He asserts that there was no intention on the part of the framers of the Constitution to change the then prevailing practice and deprive the justice's court of the jurisdiction of an action to foreclose liens upon personal property; that the existence of such jurisdiction was recognized by the legislative assembly in 1891 by enacting a statute which provided that a justice of the peace had jurisdiction of an action to foreclose or enforce a lien upon chattels when the amount of the lien does not exceed $200; that such statute has remained in force since its enactment and is a valid legislative enactment. He further asserts that the only question involved in Mead v. First Nat. Bank, supra, was whether a county court with increased jurisdiction had jurisdiction of an action involving title to real property, and that the language contained in that opinion relating to the jurisdiction of a justice of the peace is obiter dicta.

We do not find it necessary to consider the merits or demerits of these different contentions. It is undeniable that the justice of the peace had jurisdiction to determine the amount due upon the promissory notes and render judgment therefor. It is conceded that the plaintiff, Palmer, appeared in the justice's court and without objection tendered an issue as to his liability upon the notes; that such issue was fully tried and determined by the justice, and judgment rendered against Palmer for the amount found due upon the notes, which amount was within the justice's jurisdiction. The part of the judgment which awarded judgment against Palmer for the amount due on the notes is clearly severable from the remaining portions of the judgment. On appeal that portion might have been sustained and the remaining portions of the judgment set aside. See Moher v. Rasmusson, 12 N. D. 71, 95 N. W. 152. Hence, even though it be conceded that the remaining portions of the judgment were void, as in excess of the justice's jurisdiction, the judgment for the amount due on the notes would not necessarily be void and subject to collateral impeachment. The better rule is that where a court awards relief in excess of its power the judgment is void only to the extent of the excess, provided the valid portion is severable from the invalid portions of the judgment. Van Fleet, Collateral Attack, §§ 740–742; Smith v. Pearce, 52 Mich. 370, 18 N. W. 111. We are of the opinion that the judgment of the justice of the peace, in so far as it awarded the amount due on the notes, was valid. We express no opinion whether the portions of the justice's judgment purporting to award foreclosure of the chattel mortgages were valid or invalid.

Under our statute "a sheriff or other ministerial officer is justified in the execution of and must execute all process and orders regular on their face and issued by competent authority, whatever may be the defect in the proceeding upon which they were issued." Comp. Laws 1913, § 3399.

The execution in this case recited, among other things, that on the 29th day of September, 1917, a judgment was duly rendered in favor of the plaintiff and against the defendant in said action for the sum of $106.54 debt and damages and costs taxed at $47, making a total judgment of $153.54. The execution was levied and the sale adver-

tised and conducted, precisely the same as though the judgment had been for the amount due upon the notes alone. As we have already observed the notice of levy even gave Palmer an opportunity to claim exemptions. That the property levied upon and sold under the execution was the same as that covered by the chattel mortgages which secured payment of the notes certainly did not prejudice Palmer. It was rather to his benefit. In our opinion the defendant was not guilty of conversion in making levy and sale upon the execution issued in this case.

While the question is not material, it may be stated that the plaintiff does not contend that the chattel mortgages were invalid or that he had any defense whatever to either the notes or mortgages. And upon the trial of this action it was established that the plaintiff owed upon the notes the full amount which the justice of the peace found to be due thereon.

It follows from what has been said that the answer of the defendant states full and complete defense to plaintiff's cause of action. The judgment appealed from is therefore reversed, and the cause remanded for further proceedings in conformity with the views expressed in this opinion.

BIRDZELL, BRONSON, and ROBINSON, JJ., concur.