WALLRABENSTEIN and another, Respondents, vs. INDUS-
    TRIAL COMMISSION OF WISCONSIN and another, Appel-
    lants.

*November 9, 1927—February 7, 1928.*

*Workmen's compensation: Insurance including farm laborers:
Domestic employed on farm.*

1. Under sub. (3), sec. 102.05, Stats., a workmen's compensation insurance policy covering "Farm labor—All employees of whatever nature, excluding clerical office force 'engaged upon' or 'in connection with' such farm," covered a household domestic who was employed to do everything in connection with the farm house and who was injured while preparing to wash clothes,—the words "engaged upon" referring to those

tilling the soil or working upon the farm as a whole, but the words "in connection with" including the injured employee. p. 17.

2. An election on the part of the employer to adopt the provisions of the workmen's compensation act as to farm labor, under sec. 102.05, Stats., is *held* to have been shown by the policy of insurance, which clearly included farm laborers. p. 17.

APPEAL from a judgment of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

The *Industrial Commission of Wisconsin* made an award to *Elizabeth Degner* for injuries sustained by her while employed upon the farm of *A. H. Wallrabenstein.* The circuit court vacated the award. The *Industrial Commission* and *Elizabeth Degner* appeal from that judgment.

The *General Accident, Fire & Life Assurance Corporation* issued to *A. H. Wallrabenstein,* who was engaged in the operation of a farm, a policy of compensation insurance which covered: "Farm labor—All employees of whatever nature excluding clerical office force, engaged upon, or in connection with, such farm."

During the illness of Mrs. Wallrabenstein, *Elizabeth Degner* was employed "to go there and do everything there was to do in the house and take care of his wife." Applicant washed milk cans, scrubbed, cleaned, picked over and washed clothes, and did everything she was told to do in the house. She testified that she was not hired as a practical nurse, but to do everything there and to run the house. Applicant was injured by the explosion of a can of gasoline while she was preparing to wash some clothes which were on the stove at the time of the explosion.

For the appellant *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan* and *Mr. Hugh A. Minahan,* deputy attorney general.

For the respondents there was a brief by *Lines. Spooner*

*& Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

The following opinion was filed December 6, 1927:

STEVENS, J.   The case turns upon the question whether one who performs the household duties which were performed by applicant in the farm home of her employer is an employee who is "engaged upon or in connection with such farm," within the meaning of that provision of the policy here in question.

Sec. 102.05, sub. (3), of the Statutes provides:

"Any employer who shall enter into a contract for the insurance of the compensation provided for in sections 102.03 to 102.35, inclusive, or against liability therefor, shall be deemed thereby to have elected to accept the provisions of sections 102.03 to 102.35, and such election shall include farm laborers and domestic servants if such intent is clearly shown by the terms of the policy."

Applicant's employer did enter into this contract of insurance, thereby electing to become subject to the provisions of the workmen's compensation act.   The intent to include farm laborers by such election is clearly shown by the terms of the policy.

It is significant that the policy did not limit the liability of the insurance carrier to farm labor "engaged upon . . . such farm," but extended it to "all employees of whatever nature excluding clerical office force," either "engaged upon or in connection with such farm."   Farm labor "engaged upon" a farm manifestly refers to those who till the soil and work upon the farm as a whole.   Those employed "in connection with" the farm constitute a class distinct from those who work upon the farm.   The "clerical office force" is an illustration of a class of employees who would have been included in those who were employed "in connection with"

the farm, and who would have been covered by this policy, if they had not been excluded by its express terms.

The employer who dwells upon the farm, unlike the city employer, must ordinarily furnish bed and board to his employees. The average farm community has neither restaurant nor hotel to supply these necessities of life to the employees of the farm. The service performed by appellant in caring for the farm home of her employer was clearly a service necessary to be performed in connection with the farm, without which it would have been difficult to operate the farm.

The fact that applicant might have been covered as a domestic servant does not lead to the conclusion that she is not covered by the policy in question. The question presented is not whether the statute distinguishes between farm labor performed inside and outside of the home, that is, between farm laborers and domestic servants. The question is whether the insurance carrier has issued a policy whose coverage extends to one who performed service within the farm home "in connection with such farm," to quote the language of the policy.

The case differs from *Lowe v. Abrahamson,* 18 N. Dak. 182, 119 N. W. 241, upon which the learned circuit judge relied, in that the statute there in question limited recovery to those cases where the applicant for a lien performed the services "in the capacity of a farm laborer." Had the policy here in question contained such a limitation on the liability of the insurance carrier, a different question would have been presented.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the award of the *Industrial Commission,* with costs.

ESCHWEILER, J., dissents.

A motion for a rehearing was denied, with $25 costs, on February 7, 1928.