## Hartshorn v. Smith *et al.*

The petition to the county court to have the executor of one bound by contract to convey real estate, but dying before making the conveyance, decreed to make the conveyance, is properly dismissed, without prejudice to petitioner's right to proceed in the circuit court, under Rev. Prob. Code, sec. 259, providing therefor where on the hearing the right of petition to have specific performance is found to be doubtful; it appearing that the contract price was only a third of the value of the property at the time of the hearing that only a third of the contract price was paid when the contract was made, and that, though the contract, which was not recorded till nine years after its execution, provided that on payment of the balance of the purchase money, evidenced by the purchaser's note payable five years after date, and payment of the taxes, or on execution and tender of a mortgage securing the balance of the purchase money, the vendor would give a deed, no payment of the note or taxes, or tender of the same or of a mortgage, was made during the life of the vendor, who died four years after the note was due, and no reasons excusing such failure to make payment or tender being disclosed.

     Corson, P. J., dissenting.

(Opinion filed Aug. 2, 1905)

Appeal from circuit court, Minnehaha county; Hon. JOSEPH W. JONES, Judge.

Proceeding by William M. Hartshorn against Jessie A. Smith and another, executors. From a judgment of the circuit court dismissing the petition on appeal from the county court, petitioner appeals. Affirmed.

*H. H. Keith* and *A. J. Keith,* for appellant.

*Rice & Benson* and *Aikens & Judge,* for respondents.

FULLER, J. Pursuant to chapter 9 of the Revised Probate Code, a proceeding was instituted by petition to the county court to obtain a decree requiring the defendants, in their representative capacity, to convey a quarter section of Turner county land to the plaintiff, who, on the 21st day of November, 1892, entered into a contract or bond for a deed with Samuel L. Wilcox, since deceased. From a judgment in favor of plaintiff, requiring the deed to be executed on the payment of a specified sum of money, the defendants appealed to the circuit court, where, without prejudice to any subsequent proceeding or action in equity, this petition was dismissed on the ground that the right of the petitioner to have specific performance was doubtful. From a judgment accordingly entered, plaintiff has appealed to this court.

It affirmatively appears that $1,600 was the consideration agreed upon for the land, now reasonably worth $5,000; that $600 was paid at the time the contract was executed, and that upon receipt of the balance of $1,000, evidenced by appellant's promissory note of even date therewith, drawing interest at 8 per cent, per annum, payable in five years, together with all taxes assessed subsequently to the execution of such contract, Samuel L. Wilcox obligated himself to make, execute, and deliver a sufficient warranty deed con-

veying the premises free from all incumbrances; but for reasons not shown to be excusable appellant neither paid the taxes nor the note, and, so far as disclosed by the record, he never tendered the same, or any part thereof, to the payee, Samuel L. Wilcox, who departed this life on the 6th day of May, 1901, nearly four years after such note became due and payable.

The foregoing facts and circumstances are such as to reasonably present a question as to the rights of the petitioner under the statute, and the circuit court was justified in concluding therefrom as a matter of law that specific performance was not enforceable in the county court. As a deed executed pursuant to a decree of the county court is but prima facie evidence of the correctness of the proceedings and of the authority of the executor to make the conveyance, an action in equity for the specific performance of the contract will be more likely to subserve the ends of justice; and section 359 of the Revised Probate Code provides for such an action in the circuit court, and expressly requires the county court to dismiss the petition whenever the right of the petitioner to have specific performance of the contract is doubtful.

In addition to the above stipulated and specified method of performing the contract it was provided therein that, in case appellant, Hartshorn, should execute and deliver a mortgage upon the premises securing the note for $1,000, Samuel L. Wilcox would, upon demand, execute the deed with full covenants of warranty as heretofore mentioned; but no mortgage was ever tendered or deed dmanded during the lifetime of Wilcox, and the contract or bond for a deed was not filed for record until more than nine years after the date of its execution and delivery had elapsed. In the case of Smith v. Lawrence, 15 Mich. 499, Judge Cooley says: "The specific performance of contracts must always rest in the sound dis-

cretion of the court, to be decreed or not, as shall seem just and equitable under the peculiar circumstances of each case. It is frequently ordered in favor of a party who has been for a considerable period in default, if he has never abandoned the contract, and the other party has not suffered from the delay, for which he cannot be compensated in the decree. If, however, succeeding the default, there has been a considerable change in the value of the property, this may be reason sufficient for denying the specific relief, inasmuch as the contract would thereby become an unequal one, and to enforce it would be to encourage delays by enabling the party to take advantage of changes in his favor, though he might have delayed performance intentionally, and not meaning to perform unless favorable changes should occur." The irresistible tendency of appellant's unexplained delay and the great enhancement of the value of the premises since his apparent default is to create some reasonable doubt as to the petitioner's right to a conveyance, and under the statute there was nothing for the county judge to do but dismiss the petition without prejudice to the rights of the petitioner to institute an action for specific performance of the contract in the circuit court at any time within six months thereafter.

The judgment appealed from is affirmed.

CORSON, P. J., dissents.