GEORGE R. FOX, JR., Respondent, v. THOMAS H. FOX, Catharin Fox, Edith Schell, Grace Reed, Grover Fox, Myrtle Hanna, Alta Click, Frances Owens, and Thomas H. Fox, as Administrator of the Estate of George R. Fox, Sr., Deceased, Defendants. EDITH SCHELL, Grace Reed, and Myrtle Hanna, Appellants.

(221 N. W. 889.)

Opinion filed September 24, 1928.  Rehearing denied December 1, 1928.

*Adamson & Wheat,* for appellants.

*Kehoe & Verret,* for respondent.

BURR, J. From the record it appears that for some time prior to April 1, 1918 one George R. Fox, Sr., the father of the plaintiff, was the owner and in possession of the N. E. $\frac{1}{4}$ of section 35 of township 159, range 70, in Rolette county. It is immaterial to this case whether he had title in fee simple at that time or whether he had held it under contract with the state. The father died in 1922 and the county court of Rolette county appointed defendant Thos. H. Fox administrator of the estate. This land was listed in the inventory as part of the estate. On or about July 3, 1926 the plaintiff filed a "petition for conveyance of real estate sold under contract" and therein set forth among other things that on April 1, 1918 he had entered into a contract with his father by the terms of which the father agreed to sell and convey to him the aforedescribed real property upon the fulfilment of certain conditions, that he had fulfilled these conditions, paid all of the purchase price, and was desirous of obtaining a deed. Therefore he asked the court to order the administrator to execute a conveyance of said property under the provisions of §§ 8792 to 8796 of the Compiled Laws of this state. A citation was issued by the court directed to the defendants setting a time and place for the hearing. Some delay was experienced, owing to an appeal having been taken to the district court on a matter affecting this real estate more or less, so that on September 9, 1926 this plaintiff filed a petition for hearing on the aforesaid petition, and at the time of hearing the defendants Edith Schell, Grace Reed, Myrtle Hanna, Alta Click and Frances Owens answered denying that the father had ever executed any such contract

for deed, and alleging that if the father's name appeared on any such contract "that the same is a forgery," that when the father died he "was the owner and in possession of said N. E. ¼ of sec. 35, at all times from the time when he acquired the same up to the time of his death and that the said land . . . is a part of the estate. . . ." The answer further alleges that this issue "cannot be tried and determined in the probate court; that the district court of Rolette county, North Dakota, has the exclusive original jurisdiction to try and determine that issue." Previous to this answer and shortly after the original petition was filed the defendants Grace Reed, and Edith Schell appearing specially and for the sole purpose of this motion object to the jurisdiction of the court on the following grounds:

"1. . . .

"2. That it appears from the face of the petition on which petition the order to show cause is based that the relief sought is in the nature of specific performance of an alleged land contract between the vendee in said contract as plaintiff (the petitioner herein) and the administrator of said estate as defendant (named as a respondent herein) and that all of the questions of law and fact involved therein are questions over which the district court of Rolette county has exclusive original jurisdiction, said probate court being wholly without jurisdiction to consider and decide the same and that any order or judgment made by said probate court based on said petition would be null and void and in excess of the jurisdiction of said probate court."

The county court proceeded to hear and determine the issues involved, and on the evidence introduced entered its "decree directing the conveyance of the real estate sold under contract." These answering defendants appealed from this order and decree to the district court of Rolette county, setting up as error the assumption of jurisdiction on the part of the county court. The district court affirmed the decree of the county court and from the order and judgment of the district court affirming the decree of the county court these answering defendants appeal. The error assigned on this appeal is that the district court erred in holding that the county court had jurisdiction to hear and determine the issue involved.

In the special appearance and answer appellants had set forth matters in addition to the allegations of want of jurisdiction but these

extraneous matters did not waive the objection to the jurisdiction. While the county court may have had jurisdiction of the persons of the defendants such jurisdiction does not confer jurisdiction of the subject matter. Honsinger v. Stewart, 34 N. D. 513, 519, 159 N. W. 12.

Appellants take the position that this application made to the county court is "a suit in equity" and that county courts have no jurisdiction of such matters. They point out: § 103 of the Constitution says "the district court shall have original jurisdiction, except as otherwise provided in this Constitution, of all suits both at law and equity," and that there is no provision to the contrary in the Constitution; § 111 of the Constitution prescribes the jurisdiction of the county court, giving to this court "exclusive original jurisdiction in probate and testamentary matters, etc.," and then makes provision "for increased jurisdiction" authorizing the trial of certain civil and criminal actions; and this court determined the extent of the jurisdiction of the county court in the case of Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365, stating "§ 111 of the state Constitution construed and held, that county courts of increased jurisdiction are not vested with equity powers." The appellants then refer to §§ 8792 to 8796 of the Compiled Laws, being the statutes under which this hearing has been had, claiming that as soon as the pleadings show a denial of the contract under which the petition is made, doubt is created and the county court must dismiss the petition. The effect of this is, that the jurisdiction of the county court is determined by the opposition of a person interested, rather than by the nature of the subject-matter. No further citation of authorities is made by appellants.

The respondent cites us to three cases, Re Garnier, 147 Cal. 457, 82 Pac. 68; Adams v. Lewis, 5 Sawy. 229, Fed. Cas. No. 60; and Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 978.

Respondents cite the case of Re Garnier, 147 Cal. 457, 82 Pac. 68, where the court goes into an exhaustive discussion regarding the right to authorize the administrator "to convey the land on presentation of a verified petition by the vendee," and says that such power given by the legislature to the probate court is within the statutory provisions of the California Code of Civil Procedure. Nothing is said in the case regarding constitutional limitations of the court. But an examination

of the Constitution of California of that time shows provisions different from ours. Sections 1597 to 1602 inclusive, of the Code of Civil Procedure of California are the sections involved in the case of Garnier's Estate, supra, and are practically identical with §§ 8792 to 8796 of our Code. These sections are the basis for the California court's decision to the effect that the court had jurisdiction to try the issue of specific performance. It will be observed that the probate work in California is in the hands of the superior court. The Constitution of California defining the powers and limitations of superior courts gives to such courts not only jurisdiction "of all matters of probate;" but also gives "original jurisdiction in all cases in equity, and in all cases at law which involve the title or possession of real property." See § 5, art. 9, Const. California (1909). It was therefore merely a question of whether the court would hear and determine the demand for specific performance in the proceedings for the settlement of the estate, or permit the petitioner to bring a separate action in the same court. Of course that is not the situation with us and therefore the California decisions are not authority.

5 Sawy. 229, Fed. Case No. 60, throws no light upon this subject. The federal court was there construing a statute of Oregon, with purpose similar to the one set out in §§ 8792 to 8796, inclusive, of our Comp. Laws, but an examination of the Oregon Constitution shows that at the time of the adoption of the Constitution the county court was given the jurisdiction then pertaining to probate courts, "and such other powers and duties . . . as may be prescribed by law." See § 12, art. 2, Constitution of Oregon. Section 9 of the same article refers to the powers of the circuit courts and states "all judicial power, authority and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts. . . ." Sections 1269 and 1270 of the statutes of Oregon (Lord's Oregon Laws) are similar to our §§ 8792 to 8796. The federal court therefore held that it was proper in the probate proceedings to make application to the county court and that the legislature of Oregon had power to enact the statute giving to the probate courts "power to authorize and require an administrator to specifically perform a contract of his intestate for the sale and conveyance of real estate," and further holding "such a matter is presumed to be within

the jurisdiction of the county court sitting as a court of probate under the Constitution." A similar situation arose in Maryland and the Supreme Court of the United States in Stewart v. Griffith, 217 U. S. 326, 54 L. ed. 782, 30 Sup. Ct. Rep. 528, 19 Ann. Cas. 639, held that such application could be made to the county court; but under the Maryland Constitution the circuit court and the orphans' court have such jurisdiction as may be conferred by law. Hence neither of the federal cases is of assistance to us.

An examination of §§ 8792 to 8796, Comp. Laws, shows that no "suit in equity" is contemplated. It will be noted that this is but one step in the administration of estates. It is a matter incidental to the administration. It is not a separate and distinct action, but rather a special proceeding. Section 7330 of the Code defines an action as "an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right. . . ." This county-court of Rolette county is not a county court with increased jurisdiction; this is not an action in a court of justice; this is not a prosecution wherein one party appears as plaintiff and others as defendants. Section 7331 of the Code says that every remedy other than the remedy by action is a special proceeding. In Pomeroy's Specific Performance of Contracts, 3d ed. § 497, we have such distinction clearly set forth. Therein he states:

"In most of the states the statutes expressly provide for the case where the vendor dies before completing the contract. . . . This legislation is of different types; in some states it deals entirely with the suit in equity for a specific performance; in others it provides for a more summary special proceeding by which the contract may be enforced *without suit,* as a step in the settlement of the deceased vendor's estate. By the common form of this special proceeding, where a vendor who has entered into a written contract, dies before completing the contract, and the party entitled to a conveyance has paid or is ready to pay the purchase price, the probate court . . . may . . . order the administrator . . . to make the conveyance, which the vendor himself should have made had he been alive. . . . The proceeding is suited to cases of ordinary contracts where there is no real controversy as to the obligations of the respective parties. . . ."

This, evidently, is what out statute has in mind, for it makes pro-

vision for ascertaining whether there is a "real controversy," not by means of the pleadings, as appellants contend, but by testimony taken at the hearing. It is not until "after a full hearing, and examination of the facts and circumstances of the claim" the court authorizes the conveyance (§ 8793) and "if upon the hearing in the county court the right of the petitioner . . . is found to be doubtful the court must dismiss the petition, without prejudice to the rights of the petitioner." (§ 8796.) It will be noted the court, in the latter case, does not deny the petitioner's claim, for this would be an adjudication of the case, but dismisses it, leaving to the petitioner his right to a suit in equity in the district court.

The legislation and decisions of Minnesota are of assistance to us. Article 6, § 5 of the Constitution of Minnesota, says, "the district court shall have original jurisdiction in all civil cases both in law and equity where the amount in controversy exceeds $100" and § 7 of the same article says "a probate court shall have jurisdiction over the estate of deceased persons and persons under guardianship and no other jurisdictions, except as prescribed by the Constitution." In construing these constitutional provisions Minnesota supreme court says in Svanburg v. Fosseen, 75 Minn. 350, 43 L.R.A. 427, 74 Am. St. Rep. 490, 78 N. W. 10, "the probate court has no jurisdiction over actions for the specific performance of parol contracts for the conveyance of real estate" and referring to the general statutes, similar to ours says that these statutes "providing that the probate court may decree the conveyance of land, give that court jurisdiction only where the contract for conveyance is in writing; and that it cannot decide controverted questions arising upon the merits even in such cases, but must leave the applicant or petitioner to his remedy by action." This was a case commenced in district court, to compel specific performance and the administrator demurred to the complaint, arguing that the probate court had under such a statute the power and authority to determine the matter; but the court held that the plaintiff was "not barred of her right to enforce her contract in the court of general jurisdiction." To the same effect is Laird v. Vila, 93 Minn. 45, 106 Am. St. Rep. 420, 100 N. W. 656. See also State ex rel. Union Nat. Bank v. Probate Ct. 103 Minn. 325, 115 N. W. 173.

Simply because equity powers may need to be exercised does not

prevent the probate court from making use thereof. In State ex rel. Benz v. Probate Ct. 133 Minn. 124, 158 N. W. 234, the court says:

"The jurisdiction of the probate courts over the estates of deceased persons and persons under guardianship is entire, exclusive and plenary and, where the jurisdiction has attached, the court has full equity powers necessary to the settlement and distribution of the estate, it may apply the law to the facts whether the law be statutory, common law, or the principles of equity."

To the same effect is Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93. Here the court says, in speaking of the probate courts:

"In administering the estate it applies equitable principles and exercises equitable powers. It has no independent jurisdiction in equity nor at law in controversy between the representatives of the estate or of those claiming under it, with strangers claiming adversely, nor of collateral actions."

These cases which hold a county court has no jurisdiction to try a suit in equity are all referring to cases where there was a suit commenced in district court, and the proposition was urged that as the matters affected estates the jurisdiction was in the probate courts. They do not apply to a special proceeding. These cases cite with approval the case of Mousseau v. Mousseau, 40 Minn. 236, 41 N. W. 977. In this case the supreme court of Minnesota construes the Constitutional provisions and the statutory provisions which are similar to our statute and holds:

"In the case of a person bound by a contract in writing to convey real estate, dying before making a conveyance, the proper probate court, on the application of any person interested in causing it to be made, may, under chapter 58, Gen. Stat. 1878, direct the administrator or executor to make it, but if not satisfied that it ought to be made it cannot decide against the applicant on the merits and must dismiss the petition, leaving him to his ordinary remedy by action." In the main body of the opinion the court says (41 N. W. 978):

"The statute carefully avoided any attempt to bring third persons, not interested in the administration, within the jurisdiction of the probate court. No provision was made to compel claimants under contracts to convey, to come before those courts, to have their rights determined, nor for any action of the courts affecting their rights if they

did not come in; and in case they did voluntarily apply under the statute, it withheld from the court power to render any decision against them finally determining the merits. What the statute aimed to give was merely a speedier remedy, which they might if they chose, resort to, instead of the ordinary remedy of a bill in chancery, in cases where there was no real controversy making their rights doubtful. That in a case of clear right to a conveyance the mere matter of directing and authorizing the executor or administrator to make it, so as to bind the estate, was appropriate to control of administration, seems to have been the theory of the statute. And we do not see why it is not."

The facts in this case are identical with the facts in the case at bar. The county court entered a decree similar to the one in controversy, the heirs appealed to the district court which annulled the decree. The petitioner then appealed to the supreme court which reversed the district court.

The supreme court of Arkansas, in construing statutes of that state, says such statutes do "not take from chancery courts their ancient jurisdiction to enforce the equitable remedy as applied to contracts for the conveyance of real estate nor do they confer such jurisdiction upon the court of probate. That remedy if enforced in courts of chancery contemplates adverse proceedings wherein the party is entitled to institute a suit by a bill in chancery against the recusant party to the contract praying that he be specifically required to perform the same."

Nevertheless the same court in the same case upheld proceedings under statutes similar to ours where a petition was filed by administrators praying for leave to execute a deed under a contract made by the decedent, in a case where the decedent, if living, would have been compelled to convey. This was done under the statutes giving power to the probate court to entertain and pass upon such petition. In speaking of such a statute the court says: "It does not provide for an action at all to be instituted in probate court for specific performance." See Arkansas Valley Trust Co. v. Young, 128 Ark. 42, 195 S. W. 36. The same court in an earlier case, Oliver v. Routh, 123 Ark. 189, 184 S. W. 843, said that while "the probate court had no power to make an order for specific performance of the contract made by the decedent in his lifetime to convey his homestead to another," nevertheless that under the statutes in controversy "the authority to grant

specific performance of an executory contract to convey land against the executor or administrator of a decedent is a special power conferred upon the probate court. . . . It is to be exercised in a special manner, and not according to the course of the common law." Here the court makes the necessary distinction between an action in equity, which can be brought in the district court, only, and this special proceeding, summary in its nature; such exercise of equitable powers being incidental merely to the administration of the estate.

The provisions of §§ 14 and 20 of article 5, of the Constitution of South Dakota are similar to the provisions of §§ 103 and 111 of our Constitution. Under the provisions of §§ 3313 to 3323 of the Revised Code of South Dakota 1919, the administrator has a right to make a conveyance of title in a case "where a person who is bound by the contract in writing to convey any real estate, dies before making the conveyance, and in all cases where such decedent if living might be compelled to make such conveyance." The procedure is similar to ours and it is made the duty of the county court to dismiss the action "if upon hearing in the county court . . . the right of the petitioner to have a specific performance of the contract is found to be doubtful." This was the law of that state when the case of Hartshorn v. Smith, 19 S. D. 653, 104 N. W. 467, was decided. In the case cited it was held that under the facts in the case it was shown that the rights of the petitioner under the statute were doubtful, and the action of the county court in dismissing the petition was affirmed by the circuit court. An appeal from this decision was sustained. It is true the question of jurisdiction was not raised, but the court distinguished between *suits in equity* for a specific performance and this *special proceeding* in the county court. The court says that "pursuant to chapter 9 of the Rev. Probate Court Code a proceeding was instituted by petition to the county court to obtain a decree requiring the defendants . . . to convey a quarter section . . . to the plaintiff."

On account of the doubtfulness of the claim the court says "as a deed executed pursuant to a decree of the county court is but prima facie evidence of the correctness of the proceedings and of the authority of the executor to make the conveyance, an action in equity for the specific performance of the contract will be more likely to subserve the ends of justice."

Evidently no one questioned the jurisdiction of the county court in such proceedings, and the distinction between a suit in equity and such proceeding is recognized clearly. We have already referred the question of whether the doubtfulness of petitioner's claim is to be determined by the pleadings or by the facts produced at the hearing. In the case at bar the appellants stand upon the objection to the jurisdiction. In their brief they say that "on the appeal from the county court to the district court the question of jurisdiction was raised and preserved, the appellants taking the position in the district court that the district court was without jurisdiction if the county court lacked jurisdiction." The record on this appeal sets forth the order and decree of the county court and this states that the same was made and entered "after a full hearing upon said petition and examination of the said contract and the facts and circumstances of the said claim, this court being satisfied that said contract is equitable and just and that the said petitioner is fully and clearly entitled to conveyance of said estate in his said petition and hereinafter particularly described, according to the terms of said contract." None of the evidence taken is presented on the appeal. The evidence is not made part of the record. The whole matter turns upon the question of jurisdiction. Sections 8792 to 8796 do not attempt to confer jurisdiction upon the county court to try a case in equity; they merely make provision for a special proceeding. The county court therefore had jurisdiction to entertain such a petition and to pass upon the evidence to determine whether the claim was just or whether it was doubtful. This is what was done and the district court affirmed the action. The decision of the district court thereon is affirmed with costs.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.

## On Petition for Rehearing.

BURR, J. Appellants present a petition for rehearing wherein they say: "The court has inadvertently held that the probate court has equity powers when exercised in connection with its probate jurisdiction and then such suit in equity becomes a 'special proceeding,' and ceases to be a suit in equity thus sacrificing substance to form."

This is a misunderstanding of the law as laid down. What we hold is: the county court in the exercise of the jurisdiction conferred upon it by the constitution may from time to time be required to exercise equity powers in furtherance of its jurisdiction, and has the right to apply principles of equity in such cases; that the application made to it in the instant case is a "special proceeding" and not an "action;" therefore, being a special proceeding within the administration of the estate, it has a right to pass upon the application in accordance with the statutory provisions. This does not convert a "special proceeding" into an "equity case."

The appellants say that by so holding this court "has failed to give effect to constitutional provisions vesting in the district courts of this state exclusive original jurisdiction in all equity actions, and that the issue as to whether or not a written instrument is a forgery is such an issue as only the district court can hear and determine." We do not so hold. The exclusive original jurisdiction in equity actions is in the district court, but a "proceeding" incidental to the administration of the estate is a matter which the probate court may determine.

Appellant also says in effect that even under the provisions of § 8792 it is only when a person who is bound *by a contract in writing* to convey any real estate dies that this special proceeding may in any event be determined by the county court; that in the instant case the answer shows that the real issue was whether there was a contract or whether the signature thereto was a forgery, and that the county court proceeded to hear and determine such an issue.

The appellants overlook the fact that this matter is not before us. The sole issue before us is whether under the circumstances the county court may entertain such "special proceeding."

As to whether the evidence is such that the application should be dismissed under the provisions of § 8796 of the Code we cannot say. The evidence is not here. As shown in the main opinion the sole issue is—has the county court under any circumstances a right to consider an application wherein it is claimed that part of the estate of the decedent should be conveyed to the applicant because of a contract made by the decedent in his lifetime? We hold that the county court has such a right at such times and under such conditions as are laid down by statute. Whether this instant case is such a one we do not know,

or whether the county court decided correctly we cannot tell, for we do not know what the evidence is. The petition for rehearing is denied.

NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.