[File No. 6397.]

NORTHWESTERN TRUST COMPANY, a Corporation, Appellant, v. HAZEL IRENE GETZ and Clarence N. Getz, as Guardian of Myrtle Celia LePage, Respondents.

(269 N. W. 53.)

16

Opinion filed September 19, 1936.

*Bangs, Hamilton & Bangs,* for appellant.

*J. B. Wineman,* for respondent.

BURR, J. By will Charles LePage created two trust funds to be administered by the Northwestern Trust Company as trustee, and named the trust company executor. The will does not specify the duration of the trusts in years, but authorizes the trustee to make annual payments of $500.00 to his daughter Myrtle from the first trust fund and to pay more "in any one year if in its judgment she shall be in need of such increased payment by reason of illness or misfortune." It makes provision for the disposition of the surplus in this trust fund in case of the death of the daughter Myrtle and provides that such surplus should be included in the second trust fund created for the benefit of his daughter Hazel Irene Getz.

The will provides that the trustee, in administering this second trust,

shall make annual payments of $750.00 to Mrs. Getz, but "if illness or misfortune should overtake the said Hazel Irene Getz or her family, the Trustee may use its own judgment in paying to said Hazel Irene Getz more than Seven Hundred Fifty Dollars ($750.00) in any one year as it shall deem necessary and just." The will further provides that in the case of the death of Mrs. Getz "prior to the completion of this Trust, any property remaining in said Trust shall go to the surviving children of said Hazel Irene Getz, to be paid to them in like manner in annual payments of Seven Hundred Fifty Dollars ($750.00)."

In April 1929 the trust company, designated as the "testamentary administrator," submitted to the county court two questions for adjudication and asked for instructions as trustee, but the only one we need to consider is, "What was the intent of the testator with reference to the final termination of the Trust?"

The county court decided "that it was the intention of the testator that the trust should terminate when the youngest child of his daughter, Hazel Irene Getz, living at the time of his death should become of age, which would be approximately fifteen years from date hereof." Accordingly at that time the court ordered that the first trust fund should be administered by paying the sum of $500.00 "or more each year so long as said trust fund shall last not exceeding however a period of fifteen years," and that the second trust fund should be "paid to Hazel Irene Getz in annual payments of two thousand ($2,000.00) dollars or more so long as said trust fund shall last, not exceeding however, a period of fifteen years."

In June, 1929, the estate was closed, the final decree of distribution entered, and the executor discharged. This decree ordered that the trusts should be administered as determined by the order mentioned "less the respective shares of inheritance tax levied upon each, and the payments of Administrator's fees and other incidental expenses;" and the trustee was required "to make and file with this Court (the county court) an annual report and accounting during its Administration of said Trust." The trust funds were then turned over to the trustee and its receipt therefor taken. No appeal was taken by anyone from the order of the county court construing the trust provisions of the will, nor from the final decree of distribution.

In 1935 the trustee petitioned the district court to supervise the administration of the trusts, and at the hearing "requested the Court to construe the trust provisions set up in the Will."

The district court determined that the construction of the trust provisions of the will, as made by the county court, was binding upon the district court for the reason that no appeal had been taken from said order; and we are required to determine whether the district court, in the supervision of the administration of this trust, is bound by the construction of the trust provisions of the will as made by the county court during the administration of the estate.

It will be noted this order of the county court involved was made before the trusts were determined in amount and before the trustee took charge. The plaintiff here as trustee was not a party. It was as executor it petitioned the court.

The offices of executor and of trustee are separate and distinct offices. "Where the same person is named in a will both as executor and as trustee, and is by the terms of the will required to execute certain trusts created by the will, the two capacities—those of executor and trustee—are distinct and independent of each other." Joy v. Elton, 9 N. D. 428, 83 N. W. 875; Goad v. Montgomery, 119 Cal. 552, 51 P. 681, 684, 63 Am. St. Rep. 145. The powers and duties of the Northwestern Trust Company as trustee did not begin until the decree of distribution determined officially that a trust was created, the amount of property belonging to each trust, and as executor it ceased to have control over this property and the trust funds were received by it as trustee.

The county court has exclusive original jurisdiction over all testamentary matters, while the district court has original jurisdiction, except as otherwise provided in the Constitution, of all cases, both at law and equity. Const. §§ 103 and 111.

The county court determines by its final decree who are entitled to the estate and their portions. Comp. Laws, § 8849. The judgment upon the final accounting is of equal rank with a judgment entered in other courts of record in this State, and is conclusive against collateral attack except on jurisdictional grounds and those of collusion and fraud. Joy v. Elton, 9 N. D. 428, 83 N. W. 875, supra; Fischer v. Dolwig, 29 N. D. 561, 151 N. W. 431.

Where the construction of the will is necessary to distribute the estate to the parties entitled thereto, it is clear the county court would be required to construe the will; but its jurisdiction is limited to what is necessary to administer the estate. See Goodin v. Casselman, 51 N. D. 543, 549, 200 N. W. 94. Here we show that the determination of the county court admitting a will to probate does not necessarily preclude a claimant under a contract for transfer of land who has not appealed from this order from going into a court of equity to determine his rights. In the case cited there were rival claimants under two wills. The county court admitted to probate the will later in date and the plaintiff in that case did not appeal from the order. However, he commenced an independent action in the district court to determine adverse claims to property, basing his rights upon a contract evidenced by a former will, and we held such action could be maintained. The county court has no jurisdiction to try title to property as "The district court, being a court of general jurisdiction, has original jurisdiction to determine property rights based upon contract." While there are dissenting opinions in that case, they are not based upon any controversy over these principles, but rather over the facts developed on the trial of that case.

The legal existence of the trust takes effect and validity from the proof of the will and the right of the trustee to receive the trust fund is derived from the decree of the county court. 1 Perry, Trusts, 7th ed. 57. Consequently, in this case it was the duty of the county court to determine in the first place that a trust was created by the will, to ascertain the amount of property involved in the trust, and at the proper time to decree that this trust property be delivered to the trustee "subject to and upon the trusts imposed under the conditions of the will." Brett v. St. Paul Trust Co., 49 N. D. 653, 670, 193 N. W. 317. The record shows there was no partial distribution of the estate during its administration and no property was turned over to the trustee until after the final decree was entered.

While the county court has no equity jurisdiction, this does not deprive the court of the right to apply the principles of equity in the determination of such matters as come within its jurisdiction. "In administering the estate it applies equitable principles and exercises equitable powers. It has no independent jurisdiction in equity or

at law in controversy between the representatives of the estate or of those claiming under it, with strangers claiming adversely, nor of collateral actions." Wilson v. Erickson, 147 Minn. 260, 180 N. W. 93; Fox v. Fox, 57 N. D. 368, 376, 221 N. W. 889; Reichert v. Reichert, 41 N. D. 253, 170 N. W. 621.

The county court has no jurisdiction over an action which is clearly one for equitable cognizance. It is not vested with equity powers. Mead v. First Nat. Bank, 24 N. D. 12, 138 N. W. 365. If, during the administration of the estate, it is necessary to determine contract rights or have the county court aided by an equitable action, resort is had to the district court for the determination of these matters. The relations between the two courts in this respect are set forth in Johnson v. Rutherford, 28 N. D. 87, 147 N. W. 390, and Honsinger v. Stewart, 34 N. D. 513, 159 N. W. 12. If the construction of a trust created by will be necessary to aid the administration of the estate, the jurisdiction of that action is in the district court, and in determining such matters the provisions of the will may be examined.

In Penfield v. Tower, 1 N. D. 216, 46 N. W. 413, we lay down the rule that in determining the nature, scope, and intent of a trust created by a will resort would be had to the will to ascertain the intent of the testator with reference to the trust and show that this intention is of binding force upon the trustees and the courts (p. 224). This court examined the will to ascertain what was the direction to the trustees and what was the purpose of the testator without reference to the jurisdiction of the probate court in the administration of this particular estate. See also Brett v. St. Paul Trust Co. 49 N. D. 653, 193 N. W. 317, supra.

It is true that in neither of these cases cited was the question raised as to the effect of an interpretation by the county court of the trust provisions made during the administration of the estate. It was assumed that the district court, in construing the provisions of the trust and the duties of the trustee, whether in the aid of the administration of the estate by the county court, or after the action in the county court had ended, examined the will to determine the duties of the trustee and the terms of the trust.

In Joy v. Elton, 9 N. D. 428, 83 N. W. 875, supra, we were concerned with a conflict between the actions of an individual acting as

administrator and as trustee. The will in question in that case had been admitted to probate in Wisconsin, and it appears that in that state, at that time, the probate courts had jurisdiction over testamentary trustees. It is true that in this case cited we do not specifically affirm the concession of the parties that the county courts of this state have no jurisdiction over testamentary trustees, "and hence that any action taken or decree made by the County Court at Grand Forks affecting trust property in the hands of McLaughlin in his capacity as trustee would be void on its face, as made without authority of law," (p. 443) but the whole tenor of the decision shows that the court assumes this proposition to be correct, elementary, and controlling. The contest there was whether certain acts were the acts of the executor or of the trustee. That was for the district court to decide. The whole tenor of chapter 71 of the Civil Code, §§ 6295 to 6318 of the Compiled Laws, inclusive, and which deals with "Trusts for the Benefit of Third Persons," shows that the district court has jurisdiction over these trusts and carefully excludes such apparent trust actions as are involved in the acts "of executors, administrators and guardians as such."

In Jones v. Harsha, 225 Mich. 416, 196 N. W. 624, a bill was filed in the circuit court asking for the construction of the trust provisions of a will. The plaintiff had been appointed executrix and also trustee. Her final account as executrix had been allowed and the property turned over to her as trustee. The court says:

"Probate courts are frequently called upon to construe wills in the settlement of estates. (Cases cited.) The construction placed upon them by that court is res judicata unless an appeal is taken. (Case cited.) They have, however, no jurisdiction to entertain direct proceedings for the construction of wills, except where such power has been conferred by statute. 40 Cyc. 1842. No such power is conferred in this state.

"We think it well settled that, where there is any ambiguity in the language of the will, or uncertainty in the power conferred, or the duty resting upon a trustee thereunder, he may ask the aid of a court of equity to determine his power and direct his course of procedure. Dean v. Mumford, 102 Mich. 510, 61 N. W. 7. The same rule applies as when the trust is created by an instrument other than a will. 39 Cyc. 317."

As shown in the "Am. Law Inst. Restatement, Trusts": "The trustee is entitled to instructions of the court in respect to such matters as the proper construction of the trust instrument . . ." § 259, a. See also § 165, 4, i, and § 412, 2, e.

In the administration of the estate the property is turned over to the trustee. The county court determines the property entrusted to him and its amount, as it determines the portions going to heirs and legatees. When this is done and the trust transferred the estate of the decedent is no longer concerned. The trustee administers the trust according to the terms set forth in the will. A court of equity controls his acts. The jurisdiction in the administration of the trust is in the district court, which any person interested may invoke during the administration of the trust or, as in this case, the trustee may petition the court under the provisions of chapter 250 of the Session Laws of 1935 which provide that, "Any trustee, beneficiary or person interested in such trust may file with the clerk of the district court a petition that the administration of the trust shall be therein supervised." The trustee in this case filed such petition. This statute cited carefully distinguishes jurisdictions and excepts from the operation of the statute the property of an estate held by the executor, administrator, or guardian during the administration of the estates.

While the holdings of the California court seem to be at variance with some of the principles announced here, such as In re Trescony, 119 Cal. 568, 51 P. 951, 952; Goad v. Montgomery, 119 Cal. 552, 51 P. 681, 684, 63 Am. St. Rep. 145; Keating v. Smith, 154 Cal. 186, 97 P. 300; Luscomb v. Fintzelberg, 162 Cal. 433, 123 P. 247, 250, it will be noticed all of these cases are in the superior court which determines both the probate matters and equity matters.

This joinder of jurisdictions is noted in Fox v. Fox, 57 N. D. 368, 373, 221 N. W. 889.

But the respondents strenuously contend that the principle announced in the California decisions governs here and that the determination of the county court, even though obviously incorrect, is binding, unless reversed upon appeal. In further support of this contention they cite Thompson v. Lake Madison Chautauqua Asso. 41 S. D. 351, 170 N. W. 578.

There can be no controversy over the fact that if the county court

had jurisdiction to determine the matter, its determination is conclusive unless reversed upon appeal. The superior court of California had jurisdiction of both issues. It had equity jurisdiction.

The South Dakota court determined that the final decree of the county court distributing the estate, adjudging that lands be set over to a devisee under a will, is conclusive on all parties in the absence of appeal. This is in harmony with the rule we lay down in Joy v. Elton, 9 N. D. 428, 83 N. W. 875, supra, but this leaves undetermined the question of what matters are within the jurisdiction of the county court. This is the issue in the case at bar. As pointed out in Clews v. Jamieson, 182 U. S. 461, 479, 45 L. ed. 1183, 1193, 21 S. Ct. 845: "All possible trusts, whether express or implied, are within the jurisdiction of the chancellor. . . . A court of equity will always, by its decree, declare the rights, interest or estate of the cestui que trust, and will compel the trustee to do all the specific acts required of him *by the terms of the trust."* This "jurisdiction exercised by courts of equity . . . has always been regarded as one of a most salutary description, and one of the most important branches of equity jurisprudence is its power to regulate and enforce trusts and to examine into the conduct of trustees in relation to trust funds in their charge." Barnard v. Keathley, 230 Mo. 209, 231, 130 S. W. 306, 313.

It is true the courts do not substitute their discretion for the discretion of the trustee given him by the terms of the trust, so long as the trustee exercises his discretionary power in good faith, without fraud or collusion. See 2 Perry, Trusts, § 511. But a court of equity will examine into the conduct of a trustee in the execution of his discretionary powers where it appears he has abused his trust and that his acts in the premises have not been within the limits of a sound and honest execution of the trust. Read v. Patterson, 44 N. J. Eq. 211, 14 A. 490, 6 Am. St. Rep. 877. As Justice Story points out in Wormley v. Wormley, 8 Wheat. 421, 439, 5 L. ed. 651, 65.6, the acts of the trustee are subject to the scrutiny of the law in a court of equity and the court will determine whether matters left to his opinion have been determined fairly and honestly. In other words, the court of equity has jurisdiction in the administration of the trust, and though the discretion of the trustee will not ordinarily be interfered with, nevertheless a court of equity will take jurisdiction and exercise its control where

it is shown the trustee acts in bad faith. See Trout v. Pratt, 106 Va. 431, 56 S. E. 165, 8 L.R.A.(N.S.) 398.

In the case at bar it appears that Myrtle LePage is under guardianship. It is not asserted that the trust company is the guardian, but, in any event, this action does not involve the actions of a guardian. It is concerned solely with the acts of the trustee. The district court is vested with the jurisdiction in such matters, and in determining the extent of the duties of the trustee it has recourse to and must construe the terms of the will without reference to the previous decision of the probate court on such matters, or of the trustee himself. It is for the district court to determine when the trust ends. That parties voluntarily submit to a court matters outside of its jurisdiction does not validate the decision. See citations in 15 C. J. 802.

The judgment is reversed and the district court will administer the trusts according to the provisions of the will without reference to the previous determination of the county court.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.