In the Matter of the ESTATE of Henry H. EDINGER, Deceased.

Harold EDINGER, Administrator for the Estate of Henry H. Edinger, deceased, and Victor Edinger, Ella Archer, Adeline I. Meier and Lydia E. Berndt, Petitioner, Respondent and Appellant,

v.

Helen EDINGER, Respondent.

No. 8187.

Supreme Court of North Dakota.

June 28, 1965.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, and Fabian E. Noack, Carrington, for appellants.

Mattson & Williams, New Rockford, and John J. Tebelius, Harvey, for respondent.

C. F. KELSCH, District Judge.

This is an appeal from the judgment of the District Court of Foster County, which reversed and annulled an order of the county court and directed the Judge of that court to distribute the residue of the estate of Henry H. Edinger in accordance with the law of succession.

The material facts and the proceedings had, upon which this appeal arises, are not in substantial dispute. The record shows that Henry H. Edinger was a resident of the City of Carrington; that he was a widower and had planned to marry one Helen Ahl, a widow. That shortly before the marriage was solemnized on the 17 day of August, 1942, he entered into an antenuptial agreement with his fiancee (exhibit #14) by the terms of which they agreed, that in the event he preceded her in death, that she should receive only $1,500.00 in cash and a homestead estate in their dwelling house located in the City of Carrington. The parties lived together as husband and wife from the time of their marriage until October 14, 1958, when Henry H. Edinger died intestate. Thereafter Harold H. Edinger, a son of the decedent, was, upon proper petition, due notice and hearing, duly appointed as administrator of his father's estate and proceeded with the probate thereof. That he prepared and filed an inventory showing that the property of the deceased was appraised in the sum of $57,179.00, and on September 30, 1961, he filed his final report and account with a petition praying that the administration of said estate be closed and he be discharged from his trust and that the residue of the estate of said deceased be distributed in accordance with the terms of the antenuptial agreement attached thereto, which he found in the decedent's safety deposit box.

The county court gave due notice for hearing of said petition on the 24 day of October but before the hearing was had thereon the respondent, Helen Edinger, served and filed her answer thereto in which she did not object to the allowance and approval of the administrator's final report and account but did challenge the validity of the antenuptial agreement on the grounds:

(1) That said agreement was procured by the practice of fraud and deceit upon her; and

(2) That it was rescinded by the mutual consent of the parties during the lifetime of the deceased; and prayed that the residue of his estate be distributed in accordance with the law of succession.

That after the hearing on said petition and answer was had, the county court issued its order, on the 27 of October, to the effect:

(1) That the administrator's final report and account be allowed and approved; and

(2) That the residue of the estate of Henry H. Edinger, deceased, be distributed in accordance with the terms of the antenuptial agreement here in issue.

That on November 17, 1961, before a final decree of distribution was entered and within 30 days from the date of said order the respondent, Helen Edinger, perfected an appeal to the District Court of Foster County from said order and demanded a trial de novo in said court.

When the case was thereafter reached for trial upon the merits in the district court before the Honorable M. C. Fredricks, Jr., the administrator moved to dismiss the appeal, upon the ground that the county court had no jurisdiction to try the issue of the validity of the antenuptial agreement and, therefore, the district court acquired none upon appeal. The district judge denied said motion, whereupon the parties submitted their evidence on the issues of fraud, rescission and of the validity of said agreement, to the court for decision. That thereafter, on March 31, 1964, the court issued its order authorizing the entry of judgment in favor of Helen Edinger which, in so far as is here material, determined in effect:

(1) That the antenuptial agreement in issue was procured by the practice of fraud and deceit and, as such, was null and void;

(2) That the order of the county court, directing the distribution of the residue of the estate of said deceased in accordance with the antenuptial agreement, be vacated and annulled; and

(3) That the county court of Foster County be directed to distribute the residue of the estate of said deceased in accordance with the law of succession.

Judgment was entered thereon accordingly, on April 1, 1964, whereupon the administrator perfected an appeal from said judgment to this court and demanded a trial de novo of the entire case.

The administrator, in his assignments of error, has presented five questions for us to decide, but according to our analysis a determination of three issues will dispose of this appeal. They are, in effect:

(1) Did the County Court of Foster County have jurisdiction of the subject matter to determine the validity of the antenuptial agreement here in issue?

(2) Was the order of the county court, approving and allowing the administrator's final report and account and directing a distribution of the residue of the estate of said deceased in accordance with the terms of the antenuptial agreement, an appealable order? and

(3) Did the parties invoke the original, equitable jurisdiction of the district court by a voluntary submission for decision of the question of the validity of the antenuptial agreement, without bringing an independent action for said purpose?

The first question for decision then is: Did the County Court of Foster County have jurisdiction of the subject matter, to try and determine the validity of said antenuptial agreement?

Counsel for the administrator contends, in effect, that after the widow challenged the validity of said agreement upon the grounds: (1) That it was procured by the practice of fraud and deceit upon her; and (2) that it had been rescinded by the mutual consent of the parties during the lifetime of the decedent; the county court had no jurisdiction of the subject matter to determine its validity and, therefore, the order of said court issued on October 27,

1961, directing the residue of the estate of said deceased be distributed according to the terms thereof, is absolutely null and void.

It is true that this court has held, in effect:

■ (1) That county courts derived all of their powers from the Constitution and statutes and have no common law jurisdiction. In re Anderson's Estate, 76 N.D. 163, 34 N.W.2d 413.

■ (2) That Section 111 of the North Dakota Constitution declares that the county court shall have exclusive original jurisdiction in all probate and testamentary matters. Northwestern Trust Co. v. Getz, 67 N.D. 15, 269 N.W. 53.

■ (3) That county courts have no equitable jurisdiction. Muhlhauser v. Becker, 74 N.D. 103, 20 N.W.2d 353; In re Randall's Estate, 77 N.D. 69, 40 N.W.2d 446; State ex rel. City of Minot v. Gronna, 79 N.D. 673, 59 N.W.2d 514.

■ (4) That county courts have no jurisdiction:

(a) To try and determine the validity of a contract for the adoption of minors; Muhlhauser v. Becker supra; and

(b) To try and determine legal rights in property left by decedent, when they depend not upon a will or heirship but upon contract. Goodin v. Casselman, 51 N.D. 543, 200 N.W. 94; In re Lyons' Estate, 79 N.D. 595, 58 N.W.2d 845.

Bearing these principles of law in mind, the primary question arises whether they are applicable to and decisive of the issue here involved, so as to compel and necessitate a decision that the order of the County Court of Foster County is absolutely null and void.

To answer this inquiry requires a consideration of the controlling principles of law and decisions applicable thereto.

They are:

■ (1) Jurisdiction means the power to inquire into the facts, apply the law, and to determine and pronounce judgment. Christenson v. Grandy, 46 N.D. 418, 180 N.W. 18; Rasmusson v. Schmalenberger, 60 N.D. 527, 235 N.W. 496; Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271; King v. Menz, N.D., 75 N.W.2d 516.

■ (2) "The 'subject matter of a suit,' when reference is made to the questions of jurisdiction, means the nature of the cause of action, and the relief sought." King v. Menz, supra.

■ (3) "Jurisdiction of the subject matter is derived solely from the law and can, in no event, be conferred by the consent of the parties," waiver or estoppel. Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275; King v. Menz, supra; Woolsey v. Security Trust Co., 5 Cir., 74 F.2d 334, 97 A.L.R. 1081; 14 Am.Jur. p. 380, sec. 184; 21 C.J.S. Courts § 85, p. 127.

■ (4) Jurisdiction of the court does not depend upon whether its decision is right or wrong, correct or incorrect. Reichert v. Turner, 62 N.D. 152, 242 N.W. 308; Ryan v. Nygaard, 70 N.D. 687, 297 N.W. 694.

■ (5) County courts are courts of general jurisdiction in all probate and testamentary matters. In re Robinson's heirship, 119 Neb. 285, 228 N.W. 852; Equitable Life Assur. Soc. of U. S. v. Lunning, 64 S.D. 168, 265 N.W. 876; Grose v. Romero, 200 Okl. 330, 193 P.2d 1014; Lothstein v. Fitzpatrick, 171 Or. 648, 138 P.2d 919; 21 C.J.S. Courts § 299, p. 537.

■ (6) Every court of general jurisdiction has the power to determine whether the conditions essential to its exercise of jurisdiction exist. To this extent it must adjudicate and may determine its own jurisdiction and its decision thereon concludes the parties of record against collateral attack. Schillerstrom v. Schillerstrom, supra; King v. Menz, supra; Texas & Pacific Ry. Co. v. Gulf, Colorado & Sante Fe Ry. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578.

■ (7) The probate court acquires jurisdiction when it takes control of the estate of a decedent;

(1) Of the subject matter by the presentation of a petition by a competent party; and

(2) Of the parties:

(a) by the issuance of a citation and its service upon the parties thereto; or

(b) by voluntary appearance or waiver of service of process.

Section 30-02-01 N.D.C.C.; In re Bratcher's Estate, 76 N.D. 194, 34 N.W.2d 825; Tooz v. Tooz, 78 N.D. 432, 50 N.W.2d 61; In re Price's Estate, 136 Minn. 333, 162 N.W. 454.

■ (7) The record shows that the notice for hearing of the final report and account was served upon all of the respondents and that all of them attended personally or were represented by counsel and, therefore, all parties concede that both the county and district courts had jurisdiction of the parties to this proceeding.

■ When a court proceeds to try and pass upon an issue, it necessarily decides that it has jurisdiction of the subject matter. Helton v. Crawley, 241 Iowa 296, 41 N.W.2d 60; 21 C.J.S. Courts § 113, p. 175.

■ (10) When the probate court once acquires jurisdiction of the subject matter, it does not lose it because it makes a mistake in its determination of the facts or

law until the estate is finally administered and closed. Reichert v. Turner, 62 N.D. 152, 242 N.W. 308; State ex rel. Nelson v. Thomson, 76 N.D. 125, 34 N.W.2d 80; In re Evans' Estate, 62 Cal.App.2d 249, 144 P.2d 625; Walker Bank & Trust Co. v. Steeley, 54 Idaho 591, 34 P.2d 56.

The principle of law finds support in our decisions to the effect that the heirs cannot maintain an action in the district court for partition of real estate before a final decree of distribution has been entered, because such an action would materially interfere with the exclusive jurisdiction which our Constitution and statutes confer upon the county court. Honsinger v. Stewart, 34 N.D. 513, 159 N.W. 12; 21 C.J.S. Courts § 298, p. 536.

█ (11) Further, our statutes provide:

(a) That in a decree of distribution the court must name the persons entitled to share in the estate and the proportion or part to which each are entitled. (Section 30–21–10 N.D.C.C.)

(b) That upon the final settlement, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator among the persons who by law are entitled thereto.

In re Gonsky's Estate, 79 N.D. 123, 55 N.W.2d 60; In re Markhus' Estate, 63 N.D. 566, 249 N.W. 310; and Northwestern Trust Co. v. Getz, 67 N.D. 15, 269 N.W. 53.

█ Finally, we must distinguish between the court's want of jurisdiction of the subject matter and an error of law committed by it in the exercise of its power to determine whether it had such jurisdiction.

This distinction was clearly stated by the Supreme Court of South Dakota in Calhoun v. Bryant, 28 S.D. 266, 133 N.W. 266. There the court said:

"* * * When parties are before the court and present to it a controversy which the court has authority to decide, a decision not necessarily correct, but appropriate to that question, is a proper exercise of judicial power or jurisdiction. So far as the jurisdiction itself is concerned, it is wholly immaterial whether the decision upon the particular question be correct or incorrect. Were it held that a court had 'jurisdiction' to render only *correct* decisions, then, each time it made an erroneous ruling or decision, the court would be without jurisdiction, and the ruling itself void. Such is not the law, and it matters not what may be the particular question presented for adjudication, whether it relates to the jurisdiction of the court itself, or effects substantive rights of the parties litigating; it cannot be held that the *ruling* or decision itself is without jurisdiction or is beyond the jurisdiction of the court. The decision may be erroneous, but it cannot be held to be void for want of jurisdiction."

This principle of law has been approved by the Supreme Court of the United States which has stated the rule as follows:

(1) "In many cases jurisdiction may depend on ascertainment of facts involving the merits; and in that sense the court exercises jurisdiction in disposing of the preliminary inquiry, although the result may be that it finds that it cannot go farther. And where, in a case like that before us, the court erroneously retains jurisdiction to adjudicate the merits, its action can be corrected on review." Toy Toy v. Hopkins, 212 U.S. 542, 29 S.Ct. 416, 53 L.Ed. 644 (Wash.)

(2) "'But that was a question (referring to the power of the court

to decide whether it had jurisdiction of the subject matter) which the circuit court of the United States was competent to determine in the first instance. Its determination of it was the exercise of jurisdiction. Even if that court erred in entertaining the jurisdiction, its determination of that matter was conclusive upon the parties before it, and could not be questioned by them, or either of them, collaterally, or otherwise than on a writ of error or appeal to this court.'" Stoll v. Gottlieb, 305 U.S. 165, 59 S.Ct. 134, 83 L. Ed. 104.

We approved and applied this rule in Hanson v. North Dakota Workmen's Compensation Bureau, 63 N.D. 479, 248 N.W. 680; Schillerstrom v. Schillerstrom, supra; and State ex rel. Johnson v. Thomson, 76 N.D. 125, 34 N.W.2d 80.

■ Applying these principles of law, we conclude and determine that the county court of Foster County:

(1) Had jurisdiction of the subject matter of and parties to the estate of Henry H. Edinger, deceased;

(2) Had jurisdiction to allow and approve the final report and account of the administrator and that its order, in so far as it approved and allowed the same, was not void for want of jurisdiction of the subject matter but valid;

(3) Had the power to determine whether it had jurisdiction to try and determine the validity of the antenuptial agreement herein issue;

(4) Had no jurisdiction of the subject matter to try and determine the validity of the antenuptial agreement, but its decision that it had such jurisdiction is not absolutely null and void, but only erroneous and is subject to review and correction upon timely appeal.

We turn now to the second question for decision, whether the order of the county court, herein in issue, is an appealable order.

Counsel for the administrator claims, in effect:

(1) That the order in issue is only an interlocutory order and that such orders are not appealable; and

(2) That an appeal lies only from a final decree of distribution entered by the county court.

It is true, as counsel for the administrator claims:

■ (1) That the right of appeal is purely statutory. Anderson v. Bothum, 77 N.D. 678, 45 N.W.2d 488.

■ (2) That an appeal will lie from interlocutory orders only when expressly authorized by statute. Union Brokerage Co. v. Jensen, 74 N.D. 154, 20 N.W.2d 343; In re Glavkee's Estate, 75 N.D. 118, 25 N.W.2d 925; Nord v. Koppang, N.D., 131 N.W.2d 617.

Our Constitution declares, however, that appeals shall lie from the County Court. (Section 114)

Further, our statutes provide:

1. "Any respondent in his answer, may:

 1. Controvert the allegations of the petition for distribution:

 2. Claim any share or interest which he believes himself entitled to receive." (Section 30–21–08 N.D. C.C.)

2. "Any party to a proceeding in county court, * * * who deems himself aggrieved by a decree or *any order* affecting a substantial right made by a county court, may appeal to the district court of the same county." (Section 30–26–01 N.D.C.C.)

3. "If a petition for distribution has been made at the time of filing the final account, the court, upon expiration of the time for appeal from the decree allowing and confirming the final account or upon all persons interested * * * filing a waiver of their right to appeal from the order allowing the final account, shall enter a final decree of distribution without further notice. In the event that a petition for distribution was not filed with the final account, * * * the court * * * upon the expiration of the time for appeal * * * or upon all persons interested in said estate filing a waiver of their right to appeal from the order allowing the final account, must proceed to distribute the residue of the estate." (Sec. 30–21–05 N. D.C.C.)

Obviously our statute does not expressly declare that any party to a proceeding in county court shall have the right to appeal from an order of the court allowing the administrator's final report and account; but it expressly forbids the county court from entering a final decree for distribution until after the time for appeal from an order allowing the final account has expired, unless the right of appeal from such order is expressly waived in writing.

 It is elementary that all statutory construction must be reasonable and when Section 30–21–05 N.D.C.C. is so construed, that which is reasonable and necessarily implied is as much a part of the statute as that which is expressed therein. State ex rel. Bauer v. Nestos, 48 N.D. 894, 187 N.W. 233, 619.

Manifestly it is unreasonable to believe that the legislature would require a written waiver of the right of appeal from such an order if a party had no right of appeal that could be waived.

We conclude, therefore, that the order of the county court:

 (1) Affected a substantial right of the decedent's widow because it deprived her of an undivided one-third interest in the residue of the decedent's estate. Strauss v. Costello, 29 N.D. 215, 150 N.W. 874; In re Johnson's Guardianship, N.D., 87 N.W.2d 50; and

(2) As such was an appealable order under the provisions of our statute.

We now consider the third issue, whether the parties invoked the original equitable jurisdiction of the district court by a voluntary submission for decision of the question of the validity of the antenuptial agreement without bringing an independent action for said purpose.

On this issue we have held:

 (1) That the Constitution of this State provides:

" 'The district court shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and in equity, and such appellate jurisdiction as may be conferred by law.'

"This constitutional provision confers upon district courts two distinct classes of jurisdiction: 1. Original jurisdiction, which is subject only to such limitations as are prescribed by the constitution itself; and, 2. Appellate jurisdiction, which is subject to such limitations as may be prescribed by law.

\* \* \* \* \* \*

"Appellate jurisdiction is the power vested in a superior court to review and revise the decision that has been rendered by some inferior court in which the cause has already been tried. * * 'It is the essential criterion of appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that

cause.' " Bryan v. Miller, 73 N.D. 487, 16 N.W.2d 275; Rasmusson v. Schmalenberger, 60 N.D. 527, 235 N. W. 496.

▮ (2) That an appeal from an order of the county court and demand of trial de novo in the district court only invokes the appellate jurisdiction of said court. Christianson v. Farmers' Warehouse Ass'n, 5 N.D. 438, 67 N.W. 300, 32 L.R.A. 730; In re Peterson's Estate, 22 N.D. 480, 134 N.W. 751; In re Nystuen's Estate, N.D., 80 N.W.2d 671; City of Minot v. Davis, N.D., 84 N.W.2d 891.

▮ (3) That the district court upon appeal from an order of the county court has only the same jurisdiction which the county court had. Arnegaard v. Arnegaard, 7 N.D. 475, 75 N.W. 797; Muhlhauser v. Becker, 74 N.D. 103, 20 N.W.2d 353; and In re Randall's Estate, 77 N.D. 69, 40 N.W.2d 446.

▮ (4) That where the county court has no jurisdiction of the subject matter, the district court acquires none upon appeal. Arnegaard v. Arnegaard, supra; Muhlhauser v. Becker, supra; In re Randall's Estate, supra.

Considering these decisions, the crucial question arises whether, upon an appeal to the district court from an erroneous order of the county court which invokes only the appellate jurisdiction of the district court to review and correct such order, the parties invoked the original equitable jurisdiction of the district court, by a voluntary submission of the issue of the validity of the antenuptial agreement to the court for determination, without bringing an independent action for said purpose.

▮ The party litigants have the right to invoke the original equitable jurisdiction of the district court upon an appeal from an order of the county court cannot be challenged. They have the legal right to agree to submit an issue of fact or law within the equitable jurisdiction of the district court

for its determination, as effectively as they could do by bringing an independent action to obtain such an adjudication. The pivotal question, however, is not what the parties had the legal right to do, but what they actually did.

To answer this inquiry, we have examined the record and find that it shows, without substantial dispute, that when the case was reached for trial in the district court the administrator moved to dismiss the appeal upon the ground that the county court had no jurisdiction to try the issue of the validity of the antenuptial agreement and, therefore, the district court acquired none upon appeal.

▮ The trial court denied the motion to dismiss the appeal and properly so, for the reason that the appeal from the order of the county court invoked the appellate jurisdiction of the district court, in the exercise of which it had the unquestioned power:

(1) To review and correct the erroneous order of the county court, when it held without any authority in law, that it had jurisdiction to try and determine the validity of the antenuptial agreement, after its legality had been challenged by the widow; and

(2) To reverse and set aside the order of the county court in so far as it sustained the validity of the antenuptial agreement and directed the distribution of the residue of the estate of said deceased in accordance with the terms thereof.

Manifestly, after the court had exhausted the exercise of its appellate jurisdiction, it had no authority to proceed to try the issue of the validity of the antenuptial agreement, unless the parties mutually agreed to submit that issue to the court for determination and thereby invoked its original equitable jurisdiction, in the exercise of which it could pass upon its validity.

Counsel for respondent strenuously contends, however, in effect:

First, that his demand, in his notice of appeal, for trial de novo in the district court

pursuant to the provisions of our statute, operated to invoke the original equitable jurisdiction of the district court, and cites Bryan v. Miller, supra, in support thereof.

It is true that in that case we held that:

"A procedure which provides for the trial anew of a case on appeal, in the same manner as though the action originally had been commenced in such appellate court * * * does not call for an exercise of appellate jurisdiction * * * but calls for the exercise of the original jurisdiction of the court in which the case is tried anew."

But this rule is clearly inapplicable to these proceedings for the basic reasons that under our Constitution and decisions: (1) county courts have no equitable jurisdiction; (2) that where an order of the county court is void for want of jurisdiction over the subject matter, the district court acquires none upon appeal and demand for trial de novo; (3) that an appeal from such order of the county court only invokes the appellant jurisdiction of the district court.

It is further contended that once the district court acquired jurisdiction over the subject matter, it will retain it to do complete justice by the parties; citing Rennick v. Rennick, N.D., 80 N.W.2d 300.

Obviously this contention erroneously assumes that the appeal from the order of the county court and demand for trial de novo called for the exercise of the original jurisdiction of the district court to determine the validity of the antenuptial agreement. This assumption is clearly unsound, because, the original jurisdiction of the district court could only be invoked by voluntary or independent submission of said issue to the district court for determination, and unless said issue was so submitted the district court never acquired jurisdiction over the subject matter which it could retain to do complete justice between the parties.

It is true that after the administrator's motion to dismiss the appeal was denied, (1) that he did not object to the jurisdiction of the court over the subject matter to pass upon the validity of the antenuptial agreement.

(2) That he did not claim that said issue could only be tried in an independent action brought to obtain such an adjudication; and

(3) That he did not renew his motion for dismissal of the appeal at the close of the trial; but he specifically challenged the jurisdiction of the district court over the subject matter by his motion for dismissal of the appeal and, thereby apprised both court and counsel of his position, to which he adhered in the written brief he submitted after the trial of the case, as evidenced by the trial court's reference thereto in his memorandum decision.

■ We have held, in substance that a party does not waive or abandon such objection or lose the benefit of his attack on the jurisdiction by thereafter participating in the trial of the case upon the merits, provided he does not invoke the original jurisdiction of the court by becoming an actor himself and asking for some relief which could be granted only if the tribunal had jurisdiction. Petition of Village Board of Wheatland, 77 N.D. 194, 42 N.W.2d 321.

Further, a similar question was presented in the Muhlhauser case, where the trial court overruled respondent's objection that the county court had no jurisdiction to determine the validity of the alleged contract for adoption. We held that the district court erred in overruling said objection, thereby compelling the respondent to proceed with the trial of the case upon the merits, even though there was nothing in the record to show that the respondent had ever submitted the issue of the validity of the contract for adoption to the district court for determination.

Our decision in the Muhlhauser case applies here, because, there as here: (1) appellant did not voluntarily submit the issue of validity of the contract in issue to the district court for decision, and (2) did

not invoke the original jurisdiction of the court by becoming an actor himself or by seeking some relief which could only be granted by the court in the exercise of its original jurisdiction.

 Further, it is well settled by our decision: (1) that the lack of jurisdiction of the county court to make the order appealed from can be raised by motion at any time prior to the submission of the issues, presented upon appeal, to the original jurisdiction of the district court; (2) that after the objection to the jurisdiction of the court over the subject matter has been overruled, the trial of the issues on the merits in the district court does not constitute a voluntary submission of such issues to the original jurisdiction of the district court; and (3) that a judgment rendered by a court without jurisdiction over the subject matter is a nullity. King v. Menz, supra, 30 Am. Jur. p. 176, sec. 23.

Finally, considering the importance of jurisdictional requirements we are agreed that we should not find that the parties, upon appeal from a void order of the county court, voluntarily submitted the issue of the validity of the contract in issue to the district court for decision unless the evidence of record that the parties intended to do so, is clear and convincing.

We conclude, therefore:

(1) That the administrator did not take an inconsistent position or abandon his objection to the jurisdiction of the court over the subject matter by participating in the trial of the issues on the merits:

(2) That the parties did not voluntarily submit the issues of the validity of the antenuptial agreement to the district court for determination; and that by reason thereof the district court had no jurisdiction to pass upon the validity of said contract and therefore its judgment is null and void.

The judgment of the district court is therefore reversed and the court is directed to order the entry of judgment that both the judgment of the district court and the order of the county court, in so far as it sustained the validity of the antenuptial agreement and directed that the residue of the estate of said deceased be distributed in accordance with the terms thereof, be annulled, vacated and set aside of record.

BURKE, C. J., and TEIGEN and ERICKSTAD, JJ., concur.

STRUTZ, J., did not participate.

KNUDSON, J., not being a member of this Court at the time of submission of this case, did not participate.